# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EVELYN RIVERA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1906-Orl-22DAB**

**CITY OF ORLANDO,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **MOTION FOR ATTORNEY'S FEES (Doc. No. 94)**
>
> **FILED:** October 24, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**, without prejudice.

> **MOTION:** **MOTION TO REVIEW TAXATION OF COSTS (Doc. No. 99)**
>
> **FILED:** November 6, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff filed her opposition to the taxation of costs (which the Court interpreted as a motion to review same) based solely on a purported inability to pay costs or attorney's fees. As set forth in prior Order (Doc. No. 101), as Federal Rule of Civil Procedure 54(d) provides that costs should be

awarded as a matter of course, there is a presumption in favor of awarding costs. "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*en banc*). "[A] non-prevailing party's financial status is a factor that a district may, but need not, consider in its award of costs pursuant to Rule 54 (d)." *Id.*   Despite being given an opportunity to supplement her motion and provide evidence of her financial situation, Plaintiff has made no such filing. As Plaintiff has failed to present an evidentiary basis for rebutting the presumption, her motion to review costs should be **denied.**

Defendant's motion for an award of attorney's fees pursuant to Rule 11 is based on a Rule 11 letter tendered to Plaintiff's counsel 20 months after suit was first filed and *over a year* after the filing of the Amended Complaint and the Court's denial of the motion to dismiss that complaint. *See* Doc. Nos. 17, 18 and 24. Indeed, the letter directed to the Amended Complaint was sent to Plaintiff's counsel on August 13, 2007 – well after the close of discovery, and after the filing of the motion for summary judgment and completion of all related briefing, and the instant motion was only filed *after* the entry of judgment.[1] While Plaintiff has not filed a response to the motion (which would normally justify granting the motion as unopposed) the judgment for Defendant is under appeal, and, as the grounds for the Rule 11 motion rely in large measure on the findings and analysis of the Court, the pendency of that appeal mitigates against the consideration of sanctions at this time. Moreover, the timing of the assertions made herein (while the case was fully briefed and before the Court on dispositive motion) appear to indicate that any such sanction should in no event exceed the brief period between the expiration of the 21 day safe harbor provision and the October 9, 2007 granting

---

[1] While it is not unusual for the Court to defer resolution of a *pending* Rule 11 motion for the conclusion of the case, here, Defendant waited until *after* judgment was entered to file the motion in the first instance.

of summary judgment. As the motion does not include any affidavits of fees sought[2] in any event, due to the circumstances outlined above, it is **respectfully recommended** that the motion for attorney's fees pursuant to Rule 11 be **denied**, without prejudice to renewal, if appropriate, after the appeal and upon a more complete record, including a showing that the motion was timely. *See* Fed. R. Civ. P. 11, advisory committee notes (1993 amendment) ("Ordinarily, the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely") *compare Baker v. Alderman*, 158 F.3d 516 (11th Cir. 1998) (no prejudice by untimeliness of motion).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 5, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] Defendant's motion notes that: "The City has not attached an attorney's fee affidavit pending this Court's decision as to whether it is entitled to a reasonable attorney's fee. Once this Court makes its decision as to the City's entitlement, the City will file said affidavit and supporting documents immediately." Local Rule 4.18 provides that all claims for costs or attorney's fees shall be asserted not later than fourteen days following entry of judgment. Defendant cites no authority for the bifurcated procedure it suggests, though a similar procedure is permitted on occasion.